IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| KHAI BUI, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 1:23-cv-819 (RDA/IDD) |
| | ) |
| HERNAN F. RUIZ CABALLERO, | ) |
| | ) |
|    Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant Hernan F. Ruiz Caballero's Motion to Dismiss ("Motion"). Dkt. 7. This Court has dispensed with oral argument as it would not aid in the decisional process. Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). This matter is now ripe for disposition. Having considered the Defendant's Motion to Dismiss (Dkt. 7) and Memorandum in Support (Dkt. 8), Plaintiff Khai Bui's *pro se* Complaint (Dkt. 1), Plaintiff's Opposition to the Motion (Dkt. 10), and Defendant's Reply (Dkt. 12), this Court GRANTS Defendant's Motion for the reasons that follow.

I. BACKGROUND

A. Factual Background

Plaintiff is a resident of Maryland and Defendant is a resident of Virginia. Dkt. 1 at 1-2. Plaintiff brings this suit alleging that Defendant committed perjury during a personal injury case before Fairfax County Circuit Court in Virginia (the "State Court Case") in which the parties were involved. *Id.* at 4; Dkt. 8 at 1. Specifically, Plaintiff alleges that, during the State Court Case, Defendant made a false representation to the state court regarding the service of his list of witnesses and evidence on Plaintiff. Dkt. 1 at 4. Plaintiff also alleges that Defendant coerced a third-party

witness to lie for him in the State Court Case and that Defendant crafted the third party's witness statement. *Id.* Based on these allegations, Plaintiff requests $254,000 in compensatory damages and $2.15 million dollars in punitive damages. *Id.* at 5. In sum, Plaintiff alleges that Defendant himself committed perjury and also that Defendant suborned perjury in the State Court Case.

### B. Procedural Background

Plaintiff filed his Complaint in this Court on June 26, 2023. Dkt. 1. Thereafter, on July 26, 2023, Defendant filed his Motion to Dismiss. Dkt. 7. In response, on July 31, 2023, Plaintiff filed an Opposition to Defendant's Motion to Dismiss. Dkt. 10. Subsequently, On August 4, 2023, Defendant filed his Reply. Dkt. 12.

## II. STANDARD OF REVIEW

### A. Rule 12(b)(1)

Federal Rule of Civil Procedure Rule 12(b)(1) provides for the dismissal of an action if the Court lacks subject matter jurisdiction. In considering a 12(b)(1) motion to dismiss, the burden is on the plaintiff to prove that subject-matter jurisdiction is supported. *See United States v. Hays*, 515 U.S. 737, 743 (1995) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). "It is the responsibility of the complainant clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers." *Warth v. Seldin*, 422 U.S. 490, 518 (1975).

There are two ways in which a defendant may prevail on a 12(b)(1) motion. First, a defendant may attack the complaint on its face when the complaint "fails to allege facts upon which subject-matter jurisdiction may be based." *Adams*, 697 F.2d at 1219. Under this method of attack, all facts as alleged by the plaintiff are assumed to be true. *Id.* However, conclusory statements

2

and legal conclusions in a complaint are not entitled to a presumption of truth. *Beck v. McDonald*, 848 F.3d 262, 270 (4th Cir. 2017).

Alternatively, a 12(b)(1) motion to dismiss may attack the existence of subject-matter jurisdiction over the case apart from the pleadings. *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995). Under this latter approach, "[n]o presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

### B. Rule 12(b)(6)

To survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a complaint must set forth "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). In reviewing a Rule 12(b)(6) motion, the Court "must accept as true all of the factual allegations contained in the complaint," drawing "all reasonable inferences" in the plaintiff's favor. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). To be sure, "the [C]ourt 'need not accept the [plaintiff's] legal conclusions drawn from the facts,' nor need it 'accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (quoting *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006)). Typically, "courts may not look beyond the four corners of the complaint in evaluating a Rule 12(b)(6) motion." *Linlor v. Polson*, 263 F. Supp. 3d 613, 618 (E.D. Va. 2017) (citing *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500,

508 (4th Cir. 2015)). Nonetheless, "courts may consider . . . documents attached to the complaint . . . 'so long as they are integral to the *complaint* and authentic.'" *Hugler v. Vinoskey*, No. 6:16-CV-00062, 2017 WL 1653725, at *5 (W.D. Va. May 2, 2017) (quoting *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)).

Furthermore, mindful that Plaintiff is proceeding *pro se*, this Court liberally construes his filings. *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014). That a *pro se* complaint should be liberally construed neither excuses a *pro se* plaintiff of his obligation to "clear the modest hurdle of stating a plausible claim" nor transforms the court into his advocate. *Green v. Sessions*, No. 1:17-cv-1365, 2018 WL 2025299, at *8 (E.D. Va. May 1, 2018), *aff'd*, 744 F. App'x 802 (4th Cir. 2018).

### III. ANALYSIS

Plaintiff alleges that Defendant committed perjury during certain proceedings that the parties were involved in before the Fairfax County Circuit Court. Dkt. 1 at 4. Defendant's Motion to Dismiss asserts several separate grounds for dismissing the Complaint. First, Defendant urges the Court to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state claim for which relief can be granted, because there is no private cause of action for perjury. Dkt. 8 at 2-3. Second, Defendant argues that the case should be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, as Plaintiff raises no federal questions in his complaint. Dkt. 8 at 3. The Court will begin by addressing the Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.

#### A. Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction." *Ins. Corp. of Ireland v. Compaigne des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). As such, this Court's jurisdiction is restricted to

the categories of cases articulated in Art. III, § 2, cl. 1 and is "further limited to those subjects encompassed within a statutory grant of jurisdiction." *Id.* Congress has conferred on federal courts two primary bases for subject matter jurisdiction: federal question jurisdiction under U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332(a). Although Plaintiff only explicitly invokes federal question jurisdiction in his Complaint, *see* Dkt. 1 at 3 (checking the box for federal question jurisdiction), this Court will consider whether it has either federal question jurisdiction or diversity jurisdiction over the instant action.

### 1. Federal Question Jurisdiction

Federal courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Furthermore, "[t]he well-pleaded complaint rule requires that federal question jurisdiction not exist unless a federal question appears on the face of a plaintiff's properly pleaded complaint." *Columbia Gas Transmission Corp. v. Drain*, 237 F.3d 366, 370 (4th Cir. 2001) (citing *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)). Federal question jurisdiction can be established by showing that federal law creates a cause of action or "the presence of a federal issue in a state-created cause of action." *Merrell Dow*, 478 U.S. at 809-10. Here, Plaintiff's only link to jurisdiction are the federal perjury statutes. Dkt. 10 at 2. However, as this Court has repeatedly held that there is no private cause of action for perjury, those criminal statutes are inapplicable here. *See Gryder v. Freddie Mac*, No. 1:21-CV-01380, 2022 WL 18587084, at *4 (E.D. Va. Apr. 20, 2022) (holding that a Plaintiff "cannot state a claim for perjury as a civil cause of action"); *Duku v. Admin. L. Judge Benett*, No. 119CV1314LMBMSN, 2019 WL 13251318, at *2 (E.D. Va. Dec. 10, 2019); *Lamb v. Astrue*, No. CIV.A.4:07-CV-20, 2007 WL 5317778, at *1 (E.D. Va. Aug. 3, 2007). Plaintiff cannot create federal question jurisdiction by merely citing inapplicable federal statutes. *See Riley v. United*

*States Bankr. Ct.*, No. CV 3:22-409-SAL-SVH, 2022 WL 4181040, at *2 (D.S.C. Mar. 15, 2022), *report and recommendation adopted*, No. 3:22-CV-409-SAL, 2022 WL 3097922 (D.S.C. Aug. 4, 2022) (finding lack of subject matter jurisdiction despite *pro se* plaintiff's citation to federal criminal statutes as basis for civil claim). Accordingly, Plaintiff has failed to establish federal question jurisdiction. *See, e.g.*, *Rhem v. Virginia Beach Police Dep't*, No. 2:17CV290, 2017 WL 4476837, at *1 (E.D. Va. July 12, 2017) (dismissing for lack of subject matter jurisdiction because "Plaintiff's Complaint does not specifically identify any federal claim that would allow this Court to exercise federal question jurisdiction"). Thus, to survive the motion to dismiss, Plaintiff's Complaint must plausibly establish diversity jurisdiction.

2. Diversity Jurisdiction

Diversity jurisdiction is established in cases where there is complete diversity of citizenship and where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). This Court will consider each requirement in turn.

a. Complete Diversity of Citizenship

"The complete diversity rule of § 1332 requires that the citizenship of each plaintiff be different from the citizenship of each defendant." *Williams Farm P'ship, LLC v. Siegers Seed Co.*, 664 F. Supp. 2d 611, 613 (D.S.C. 2009) (citing *Athena Automotive, Inc. v. DiGregorio*, 166 F.3d 288, 290 (4th Cir.1999)). Here, Plaintiff has alleged that he is a citizen of Maryland, and Defendant is a citizen of Virginia. Dkt. 1 at 1-2. Therefore, Plaintiff has successfully established that diversity of citizenship exists.

b. Amount in Controversy

Even though Plaintiff has satisfied the complete diversity of citizenship requirement, Plaintiff cannot establish diversity jurisdiction because it is clear to a legal certainty that the amount in controversy here is not recoverable. When considering the amount in controversy, the sum of damages claimed by the plaintiff typically controls so long as the claim is made in good faith. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). However, if the plaintiff has claimed an amount more than $75,000, "a federal court may dismiss only if 'it is apparent, *to a legal certainty,* that the plaintiff cannot recover the amount claimed.'" *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010). Here, Plaintiff asserts $254,000 in actual damages and 2.15 million in punitive damages. Dkt. 1 at 5. On its face, these damages exceed the $75,000 amount necessary for diversity jurisdiction. However, the amount claimed by Plaintiff cannot satisfy the amount in controversy requirement because there is no private cause of action for perjury. As there is no private cause of action for perjury, Plaintiff cannot plausibly allege any recovery, let alone recovery in an amount greater than $75,000. Accordingly, Plaintiff has failed to establish diversity jurisdiction.

\*   \*   \*

In sum, this Court has neither federal question jurisdiction nor diversity jurisdiction over the instant action. Accordingly, the Court will dismiss Plaintiff's Complaint for lack of subject matter jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Defendant's Motion to Dismiss (Dkt. 7) is GRANTED and Plaintiff's Complaint (Dkt. 1) is DISMISSED WITHOUT PREJUDICE.

To appeal this decision, Plaintiff must file a written notice of appeal with the Clerk of Court within 30 days of the date of entry of this Memorandum Opinion and Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order that Plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the Court of Appeals. Failure to file a timely notice of appeal waives Plaintiff's right to appeal this decision.

The Clerk is directed to forward copies of this Memorandum Opinion and Order to Plaintiff, who is proceeding *pro se*, and to counsel of record for Defendant.

The Clerk is further directed to close this civil action.

It is SO ORDERED.

March 12, 2024

/s/
Rossie D. Alston, Jr.
United States District Judge