IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| KHAI BUI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:23-cv-819 (RDA/IDD) |
| | ) |
| HERNAN F. RUIZ CABALLERO, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on *pro se* Plaintiff Khai Bui's Motion for Relief from Order pursuant to Rule 60(b)(1). Dkt. 16. This Court has dispensed with oral argument as it would not aid in the decisional process. Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). This matter is now ripe for disposition. Having considered the Court's March 12, 2024 Memorandum Opinion and Order (Dkt. 15), Plaintiff's Motion and Brief in Support (Dkts. 16, 17) and Defendant's Opposition (Dkt. 19), this Court DENIES Plaintiff's Motion for the reasons that follow.

I. BACKGROUND

A. Factual Background

Plaintiff is a resident of Maryland and Defendant Hernan F. Ruiz Caballero is a resident of Virginia. Dkt. 1 at 1-2. Plaintiff asserts that Defendant committed perjury during a personal injury case before Fairfax County Circuit Court in Virginia (the "State Court Case") in which the parties were involved. *Id.* at 4; Dkt. 8 at 1. Specifically, Plaintiff alleges that, during the State Court Case, Defendant made false representations in the State Court Case regarding the service of his list of witnesses and evidence on Plaintiff. Dkt. 1 at 4. Plaintiff also alleges that Defendant coerced a third-party witness to lie for him in the State Court Case and that Defendant crafted the third party's witness statement. *Id.* Based on these allegations, Plaintiff requests $254,000 in compensatory damages and

$2.15 million dollars in punitive damages. *Id.* at 5. In sum, Plaintiff alleges that Defendant himself committed perjury and also that Defendant suborned perjury in the State Court Case.

### B. Procedural Background

Plaintiff filed his Complaint in this Court on June 26, 2023. Dkt. 1. Thereafter, on July 26, 2023, Defendant filed his Motion to Dismiss. Dkt. 7. On March 12, 2024, the Court issued its Memorandum Opinion and Order. Dkt. 15. In the Memorandum Opinion and Order, the Court found that it lacked subject matter jurisdiction because: (i) there is no private right of action under the federal perjury statutes sufficient to convey federal question jurisdiction; and (ii) there was a legal certainty that Plaintiff could not recover the amount in controversy asserted such that there was no diversity jurisdiction. Dkt. 15.

On April 8, 2024, Plaintiff filed his Motion for Relief from Order pursuant to Rule 60(b)(1). Dkt. 16. On April 16, 2024, Defendant filed his Opposition. Dkt. 19.

### II. ANALYSIS

Federal Rule of Civil Procedure 60(b)(1) provides that a court may relieve a party from a final judgment or order where there is "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). A "mistake" under Rule 60(b)(1) occurs when "the judge has made a substantive mistake of law or fact in the final judgment or order." *Justus v. Clarke*, 78 F.4th 97, 108 (4th Cir. 2023). Here, Plaintiff claims that the Court made a "mistake" when it held that the perjury statutes on which Plaintiff relied did not provide a cause of action and therefore the Court lacked subject matter jurisdiction. Dkt. 17 at 4 ("The federal statutes for perjury violations can have an 'implied' cause to [sic] action. It is legal error of laws [sic] to dismiss the case."). Plaintiff's argument is incorrect, and his motion will therefore be denied.

The federal statutes upon which Plaintiff attempts to rely are criminal statutes. *See* Dkt. 1 at 3-4 (citing 18 U.S.C. §§ 1621, 1622, 1623). As the Fourth Circuit has recognized, "[t]he Supreme Court historically has been loath to infer a private right of action from a 'bare criminal statute,' because

2

criminal statutes are usually couched in terms that afford protection to the general public instead of a discrete, well-defined group." *Doe v. Broderick*, 225 F.3d 440, 447-48 (4th Cir. 2000). Thus, courts have uniformly recognized that "there is no private cause of action for perjury, 18 U.S.C. § 1621; subornation of perjury, 18 U.S.C. § 1622; false declarations before a grand jury or a court, 18 U.S.C. § 1623; or false statements, 18 U.S.C. § 1001." *Fuller v. Unknown Officials from the Justice Dep't Crime Div.*, 387 F. App'x 3, 4 (D.C. Cir. 2010); *see also Wagner v. Unemployment Compensation Bd. of Review*, 550 F. App'x 99, 100 (3d Cir. 2014) ("Further, § 1623 is a criminal statute that does not expressly give rise to a private cause of action."); *Reaves v. Dickens*, 2022 WL 1120366, at *1 (D.S.C. Apr. 14, 2022) (collecting cases from district courts within the Fourth Circuit). Plaintiff cites no cases to the contrary. Accordingly, the Court did not err when it determined that Plaintiff had no federal cause of action and that it was a legal certainty that Plaintiff could not meet the amount in controversy threshold such that the Court lacks subject matter jurisdiction. Dkt. 15 at 5-7. Thus, the Motion will be denied.

### III. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Plaintiff's Motion (Dkt. 16) is DENIED.

To appeal this decision, Plaintiff must file a written notice of appeal with the Clerk of Court within 30 days of the date of entry of this Memorandum Opinion and Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order that Plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the Court of Appeals. Failure to file a timely notice of appeal waives Plaintiff's right to appeal this decision.

The Clerk is directed to forward copies of this Memorandum Opinion and Order to Plaintiff, who is proceeding *pro se*, and to counsel of record for Defendant.

It is SO ORDERED.

Alexandria, Virginia
March 13, 2025

/s/
Rossie D. Alston, Jr.
United States District Judge

3